UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
GUSTAVO JAPA, *pro se*,

                Plaintiff,

                -against-

MICHAEL J. ASTRUE, Commissioner of Social Security,[1]

                Defendant.
---------------------------------------------------------------x

**SUMMARY ORDER**

09-CV-1108 (DLI)

**DORA L. IRIZARRY, U.S. District Judge:**

*Pro se* Plaintiff Gustavo Japa appealed a decision of the Commissioner of Social Security (the "Commissioner") that he is not disabled under the Social Security Act (the "Act") and therefore not entitled to disability benefits. (*See generally* Compl. 1-2.) Pursuant to Fed. R. Civ. P. 12(c), the Commissioner moved for judgment on the pleadings, seeking affirmation of that determination. For the reasons set forth below, plaintiff is granted thirty (30) days from the date of this Order, *i.e.*, no later than October 25, 2010, to: (1) submit evidence which supports his assertions that in "August 2009, [he] was found disabled by human resources administration and [his] personal physician, Dr. Galina Isakof"; and (2) satisfy the requirements for the consideration of new evidence. If plaintiff fails to comply timely, the court, without further proceedings, will convert this ruling to an order granting the Commissioner's motion for judgment on the pleadings consistent with the "substantial evidence" discussion below.

## BACKGROUND

Plaintiff, born on November 21, 1975 in the Dominican Republic, became a United States citizen in 1997. (Administrative Record ("A.R.") 234.) His work experience consists of loading

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Michael J. Astrue shall be substituted for Commissioner Jo Anne B. Barnhart as the defendant in this action.

suitcases at LaGuardia airport, parking cars, driving a taxi, selling cars, and telemarketing for a finance agency. (*Id.* at 234-35.) Plaintiff stopped working on March 1, 2005 as a result of his depression. (*Id.* at 235.)

Plaintiff filed an application for disability insurance benefits pursuant to 42 U.S.C. § 301 *et seq*, on April 12, 2006, alleging a continuous disability due to paranoia and depression which began on March 1, 2005. (*Id*. at 108, 148-49.) On September 18, 2006, the Commissioner denied plaintiff's application. (*Id.* at 109-13.) Thereafter, on November 29, 2006, plaintiff requested an administrative hearing. (A.R. 114-15.) This request was granted and a hearing before an administrative law judge (the "ALJ") was held on June 30, 2008. (*Id*. at 233.) In a decision dated August 29, 2008, the ALJ concluded plaintiff was not disabled because he could perform his past relevant work. (*Id*. at 12-22.) On December 16, 2008, the Appeals Council denied plaintiff's request for review and the ALJ's decision became the Commissioner's final decision. (*Id.* at 5-7.) Plaintiff filed the instant action on September 28, 2009.

## DISCUSSION

**1) New Evidence Standard**

As an initial matter, in opposition to the Commissioner's motion for judgment on the pleadings, plaintiff asserts that, in "August 2009, [he] was found disabled by human resources administration and [his] personal physician, Dr. Galina Isakof." (Pl.'s Aff./Affirmation in Opp'n to Def.'s Mot. 1.) Plaintiff submitted no documentary evidence (e.g., medical reports) with his opposition to support these purported determinations. Given plaintiff's *pro se* status, and the fact that such determinations could conceivably cause this court to remand this action to the Commissioner, plaintiff is granted thirty (30) days from the date of this Order, *i.e.*, no later than October 25, 2010, to submit evidence supporting these determinations. Plaintiff must also meet

the requirements of the "new evidence" rule by showing: (1) that the evidence is "new and not merely cumulative of what is already on the record;" (2) that the evidence is "material," meaning that it is "both relevant to the claimant's condition during the time period for which benefits were denied and probative;" and (3) "good cause for failure to present the evidence earlier." *See Jones v. Sullivan*, 949 F.2d 57, 60 (2d Cir. 1991). If plaintiff fails to comply with this directive by the requisite deadline, the court, without further proceedings, will convert this ruling to an order granting the Commissioner's motion for judgment on the pleadings consistent with the "substantial evidence" discussion below.

**2)** **Substantial Evidence Determination**

Unsuccessful claimants for disability benefits under the Act may bring an action in federal district court seeking judicial review of the Commissioner's denial of their benefits "within sixty days after the mailing . . . of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 1383(c)(3). A district court reviewing the final determination of the Commissioner must determine whether the ALJ applied the correct legal standards and whether substantial evidence supports the decision. *See Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998).

ALJs must apply a five-step inquiry to determine whether a claimant is disabled under the Act as set forth in 20 C.F.R. § 404.1520. If at any step the ALJ finds that the claimant is either disabled or not disabled, the inquiry ends. First, the claimant will not be found disabled if he or she is working and performing "substantial gainful activity." 20 C.F.R. § 404.1520(b). Second, the ALJ must consider whether the claimant has a "severe impairment" without reference to age, education, or work experience. Impairments are deemed "severe" when they significantly limit a claimant's physical or mental "ability to conduct basic work activities." 20 C.F.R. § 404.1520(c).

Third, the ALJ will find the claimant disabled if his or her impairment meets or equals an impairment listed in Appendix 1. *See* 20 C.F.R. § 404.1520(d).

If the claimant does not have a listed impairment, the ALJ proceeds to steps four and five. In these steps the ALJ analyzes claimant's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e). In the fourth step, the claimant is not disabled if he or she is able to perform "past relevant work." 20 C.F.R. § 404.1520(e). At step five, the ALJ determines whether the claimant could perform other work existing in the national economy, considering factors such as age, education, and work experience. If so, the claimant is not disabled. 20 C.F.R. § 404.1520(f). At this final step, the burden shifts to the Commissioner. *See Draegert v. Barnhart*, 311 F.3d 468, 472 (2d Cir. 2002) (citing *Carroll v. Secretary of Health & Human Services*, 705 F.2d 638, 642 (2d Cir. 1983)).

The ALJ correctly followed the five-step procedure in making a determination that plaintiff is not disabled. (A.R. at 17-22.) He determined that plaintiff had not engaged in substantial gainful activity since March 1, 2005, and that the plaintiff's adjustment disorder and depressive disorder constituted "severe impairments." (*Id*. at 17.) Upon reaching step three, the ALJ determined that plaintiff's impairments did not meet one of the listed impairments in the regulations. (*Id*. at 17-18.) At step four, the ALJ found that plaintiff had the RFC to perform the physical exertion requirements of work at a medium level, as defined in 20 C.F.R. § 404.1567(c) and § 416967(c). (*Id.* at 18-21.) The ALJ thus concluded, based on the evidence, that plaintiff had the RFC to perform all of his past relevant work noted above. (*Id*. at 21.) The ALJ's determination is supported by substantial evidence.

### A. The ALJ Properly Concluded that Plaintiff Had a Residual Functional Capacity for Medium Work

The ALJ's determination that plaintiff had a RFC to perform medium work[2] is supported by the medical evidence of record. A psychiatric evaluation from the Puerto Rican Family Institute ("PRFI") was included in the medical evidence before the ALJ. This opinion, substantiated by reports from several consultative doctors, indicated that plaintiff was cooperative, well-groomed, well oriented, exhibited goal-directed thought processes and showed no evidence of hallucinations, delusions, or paranoia. (A.R. at 171-73, 178, 199, 204-05.) Additionally, the opinions indicated that plaintiff exhibited good impulse control, judgment, and insight and was able to maintain attention and concentration with mild distractibility. (*Id*. at 174, 179, 195, 200-01, 205.) Further, consulting doctors, Drs. Broska, Mihaila and Cochrane, all concluded that plaintiff's impairments were not significant enough to interfere with his ability to function on a daily basis, while Dr. Belsky, also a consulting doctor, concluded that plaintiff could perform tasks in a low stress setting. (*Id*. at 179-80, 193-96, 200-01, 205-06.) The ALJ stated in his findings that he gave significant weight to the consulting opinions and controlling weight to the PRFI treating source opinion. (*Id*. at 20-21.) It is also significant that there appears to be no evidence in the record of any physical limitations. Therefore, because both the treating and consulting opinions support the ALJ's decision, the medical evidence in the record supports the ALJ's determination.

Furthermore, plaintiff's testimony and statements regarding his daily activities are consistent with the ALJ's determination. At the administrative hearing, plaintiff testified that he read books, called friends, could use the Internet, and could take public transportation. (*Id*. at 238-39.) Plaintiff also testified that he sometimes felt panicky when driving; however, he

---

[2] "Medium work" involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. 20 C.F.R. 404.1567(c).

typically drove three to four times per week, and had driven as recently as one day prior to his administrative hearing. (A.R. 238.) While plaintiff testified that he had "a lot of depression," he also indicated in two disability reports that he went to the library, cared for his own hygiene, cleaned his apartment, could follow instructions, played sports with his son, attended church, could follow instructions and could get along with authority figures. (*Id*. at 148, 159-64, 237-39.) Further, even though plaintiff reported in a disability report that he had paranoia and was afraid to go outside, he dined out, visited friends, shopped, and went outside "every day almost." (*Id.* at 148, 159-61.) This level of daily activity is clearly consistent with the ALJ's conclusion that plaintiff was capable of medium work.

Lastly, the ALJ properly limited the weight of plaintiff's subjective complaints. The ALJ stated that "[t]he medical records simply fail to confirm the accuracy of [plaintiff's] assertions and . . . testimony." (*Id*. at 20.) Rather than identifying debilitating mental impairments, plaintiff's treating therapist at PRFI characterized him as "angry, arrogant, [and] unreasonable in his expectations," and stated that he was not motivated to pursue constructive endeavors. (*Id*. at 170.) Without any objective medical evidence to support the severity of the symptoms alleged, the ALJ properly evaluated plaintiff's allegations by granting them little weight.

### B. The ALJ Properly Determined that Plaintiff Could Perform His Past Relevant Work

The ALJ found that plaintiff retained the RFC to perform the physical exertion requirements of medium work at "all levels of exertion." (A.R. 18.) He further found that plaintiff's past work—loading suitcases, parking cars, driving a taxi, selling cars, and telemarketing—all had physical exertion requirements ranging from sedentary to medium work and that these jobs, therefore, did not require exertion levels that exceeded plaintiff's RFC. This finding is supported by substantial evidence. In reaching his determination, the ALJ considered

a vocational expert's testimony that "[t]he physical demands [of plaintiff's past work] vary enough and the exposure to public vary enough that . . . claimant could go back to the prior jobs." (*Id*. at 243.) The medical evidence and plaintiff's own testimony regarding his daily activities, discussed *supra*, supports the ALJ's conclusion that he could perform his past relevant work. Thus, the ALJ's determination that plaintiff could perform his past relevant work and was, therefore, not disabled, is supported by substantial evidence.

## **CONCLUSION**

For the foregoing reasons, plaintiff is granted thirty (30) days from the date of this Order, *i.e.*, no later than October 25, 2010, to: (1) submit evidence which supports his assertions that in "August 2009, [he] was found disabled by human resources administration and [his] personal physician, Dr. Galina Isakof"; and (2) satisfy the requirements for the consideration of new evidence. If plaintiff fails to comply timely, the court, without further proceedings, will convert this ruling to an order granting the Commissioner's motion for judgment on the pleadings consistent with the "substantial evidence" discussion above.

SO ORDERED

DATED:    Brooklyn, New York
              September 24, 2010

                                                          /s/
                                              DORA L. IRIZARRY
                                       United States District Judge