UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GUSTAVO JAPA, *pro se*,

                Plaintiff,

           -against-

MICHAEL J. ASTRUE, Commissioner of Social Security,

                Defendant.
------------------------------------------------------------x

**SUMMARY ORDER**

09-CV-1108 (DLI)

**DORA L. IRIZARRY, U.S. District Judge:**

By Summary Order dated September 24, 2010, the court granted *pro se* plaintiff leave until October 25, 2010, to: (1) submit evidence supporting his assertions that, in "August 2009, [he] was found disabled by human resources administration and [his] personal physician, Dr. Galina Isako[v]"; and (2) satisfy the requirements for the consideration of new evidence. (Docket Entry No. 20.) The court also held that, if plaintiff failed to comply timely, the Commissioner's motion for judgment on the pleadings would be granted based on the court's conclusion that the ALJ's decision was supported by substantial evidence. (*Id.*) On October 20, 2010, plaintiff submitted a medical record entitled "Biopsychosocial Summary" ("BPS"), but failed to address how the BPS satisfied the new evidence requirements. (Docket Entry No. 21.) The government responded on December 3, 2010. (Docket Entry No. 22.)

For the reasons below, the court will not remand this matter to the Commissioner for consideration of the new evidence presented by plaintiff. Accordingly, the court incorporates herein the "substantial evidence" discussion in its Summary Order, and grants the Commissioner's motion for judgment on the pleadings.

**DISCUSSION**

In order to obtain a remand based on new evidence, a plaintiff must show: (1) that the evidence is "new and not merely cumulative of what is already on the record;" (2) that the evidence is "material," meaning that it is "both relevant to the claimant's condition during the time period for which benefits were denied and probative;" and (3) "good cause for failure to present the evidence earlier." *Jones v. Sullivan*, 949 F.2d 57, 60 (2d Cir. 1991). In order to be material, the evidence must be relevant to the claimant's condition during the time period for which benefits were denied and present a reasonable possibility that the additional evidence would have resulted in a different determination by the Commissioner. *Id.* Thus, the court "must distinguish between new evidence that reflects on the severity of the plaintiff's impairment as it existed during the time for which benefits were denied and new evidence which represents new impairments which would not have affected the decision below." *Overbaugh v. Astrue*, 2010 WL 1171203, at *10 (N.D.N.Y. Mar. 22, 2010) (quotation marks and citations omitted). "A diagnosis that post-dates an administrative hearing may be considered new evidence relating to the relevant time period only if it reveals that a claimant had an impairment substantially more severe than was previously diagnosed." *Id.* (quotation marks and citations omitted).

The BPS submitted by plaintiff concerns an interview and examination conducted on or around October 7, 2010. The BPS indicates a diagnoses of "major depression, recurrent, severe, with psychotic features," and concludes that plaintiff is "temporarily unemployable" as of October 7, 2010. (Docket Entry No. 21 at 18.) The relevant time period at issue in this case is March 1, 2005, the alleged onset date, to August 28, 2008, the date of the ALJ's decision. The BPS does not contain any findings relevant to plaintiff's psychiatric condition during the relevant

2

period.[1] Thus, the court finds that the new evidence submitted to this court by plaintiff does not present a reasonable possibility that the Commissioner would have found plaintiff disabled for the relevant time period. *See Casiano v. Apfel*, 39 F. Supp. 2d 326, 331-32 (S.D.N.Y. 1999) (denying remand where new evidence described claimant's condition after the Commissioner's final decision and thus did not relate to the time period for which benefits were denied). Accordingly, a remand is inappropriate.

### CONCLUSION

For the foregoing reasons, the court will not remand this matter to the Commissioner for consideration of the new evidence presented by plaintiff. Accordingly, the court incorporates herein the "substantial evidence" discussion in its Summary Order of September 24, 2010, and grants the Commissioner's motion for judgment on the pleadings.

SO ORDERED

DATED: Brooklyn, New York
December 13, 2010

/s/
DORA L. IRIZARRY
United States District Judge

---

[1] Plaintiff filed additional documents with the court on December 10, 2010, well past the deadline set by the court for such submissions, and the court rejects the evidence on that basis. In any event, even if the court considered the evidence, the government's motion for judgment on the pleadings must still be granted. The untimely-filed documents are: (1) a BPS Phase II form that appears to have been prepared on October 13, 2010; (2) a Re-Exam Wellness Summary that appears to have been prepared on October 18, 2010; (3) results from a blood test conducted on October 7, 2010; (4) a Treating Physician's Wellness Plan Report completed by Dr. Isakov on October 26, 2010, wherein he concluded that plaintiff was unable to work for at least twelve months; and (5) a letter dated October 4, 2010, signed by Dr. Isakov and Jan Levine (a psychotherapist), indicating that plaintiff was unable to work at the "*present time*." (Docket Entry No. 23.) Like the BPS, this evidence contains no findings relevant to plaintiff's psychiatric condition during the relevant time period, and therefore, remand is inappropriate.